IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

CONNIE RINESTINE,

      Petitioner,

v.                           **Case No. 1:20-cv-00130**

WARDEN REHERMAN, FPC Alderson,

      Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's Motion to Dismiss, or in the Alternative, to Transfer the Petition, (ECF No. 9). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned **RECOMMENDS** that the District Court **GRANT** the motion to dismiss, (ECF No. 9); **DENY** the § 2241 petition, (ECF No. 1); and **DISMISS** this matter, with prejudice, from the docket of the Court.

I.    **Factual and Procedural Background**

    *A. Conviction and Sentence*

In 2009, Petitioner Connie Rinestine ("Rinestine") was charged by indictment in the United States District Court for the Western District of Texas (the "Sentencing Court")

with four counts of federal drug crimes. (ECF No. 9-1). She entered into a plea agreement and pled guilty to an Information charging her with one count of conspiring to manufacture more than five grams of methamphetamine in violation of 21 U.S.C. §§ 841, 846. (ECF No. 9-3). On December 16, 2009, Rinestine was sentenced to a mandatory minimum sentence of 120 months of imprisonment to be followed by eight years of supervised release. (ECF No. 9-4).

### B. Direct Appeal

Rinestine filed a direct appeal, arguing that her guilty plea was not knowingly or voluntarily entered because her lawyer did not advise her of the mandatory minimum sentence, and she disputed the factual basis for her plea. (ECF Nos. 9-5, 9-6). On September 20, 2010, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") found that the Sentencing Court did not err in accepting Rinestine's guilty plea, and the Fifth Circuit declined to review Rinestine's claim of ineffective assistance of counsel because she did not raise it in the Sentencing Court and the record was not developed to review the claim. (ECF No. 9-6).

### C. Motion to Modify Sentence

Rinestine next filed a motion to modify her sentence pursuant to 18 U.S.C. § 3582(c)(2) based on retroactive Amendment 782 of the United States Sentencing Guidelines, which lowered penalties for certain federal drug trafficking offenses. (ECF No. 9-8). The Sentencing Court denied the motion. (ECF No. 9-9).

### D. § 2255 Motion

Rinestine then filed a motion under 28 U.S.C. § 2255 in the Sentencing Court. (ECF No. 9-10). She again claimed that her sentence was "illegal" due to her "ineffective counsel's erroneous advice" to sign the plea deal, which provided for a 40-month term of

imprisonment, without advising her that the mandatory minimum sentence for the charge was 120 months. (*Id.* at 4-5). Rinestine alleged that she would never have pled guilty if she had known about the mandatory minimum sentence. (*Id.* at 6). The Sentencing Court found that the motion was untimely, noting that the statute of limitations expired on December 20, 2011, but Rinestine did not file the § 2255 motion until September 19, 2016 and equitable tolling did not apply. (ECF No. 9-11). Rinestine sought a certificate of appealability to challenge to Sentencing Court's dismissal of her § 2255 motion, but the Fifth Circuit denied her request. (ECF No. 9-13).

### E.  Motion for Credit for Time Served

Rinestine next filed a motion for credit for time served. (ECF No. 9-14). The Sentencing Court explained that Rinestine was seeking credit toward her federal sentence for time that she spent in state custody. (ECF No. 9-15 at 3). However, the Sentencing Court noted that Rinestine's sentence was to run consecutively to any unexhausted state sentence. (*Id.* at 2). The Sentencing Court concluded that, given the fact that the state presumably credited the time that Rinestine served in state custody toward her state sentence, she could not receive "double credit" for that time toward her federal sentence. (*Id.* at 4). Therefore, the Sentencing Court denied her motion.

### F.  § 2241 Petition

On February 11, 2020, Rinestine filed the instant § 2241 petition while she was incarcerated in this district. She contends that (1) she was sentenced in excess of the statutory maximum and the advisory guideline range, (2) her counsel was ineffective in not ensuring that she was sentenced in accordance with the law, and (3) the Sentencing Court committed plain error when it did not credit the time that she served in state custody or the time that she was released toward her federal sentence. (ECF No. 1 at 6-7).

3

Rinestine asks the Court to credit her time served, order her release from custody, and apply any "overage" to her period of supervised release. (*Id.* at 7).

The undersigned entered an order requiring the government to show cause why the relief that Rinestine requested should not be granted. (ECF No. 5). The government filed a combined response and motion to dismiss, or in the alternative, request to transfer. (ECF No. 9). The government argues that Rinestine is attempting to disguise her motion as a § 2241 petition when she is actually challenging the imposition of her sentence, which is properly raised under 28 U.S.C. § 2255. (*Id.* at 1, 6). The government asserts that Rinestine cannot utilize the savings provision of § 2255 to proceed under § 2241 because she cannot satisfy the test established in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). (*Id.* at 7-8). Furthermore, the government argues that it would be futile to construe the petition as a request for permission to file a § 2255 motion and transfer it to the Fifth Circuit because Rinestine asserts no newly discovered evidence or new rule of constitutional law that is applicable to her case. (*Id.* at 8). According to the government, Rinestine is merely raising the same issues that she asserted in her previous § 2255 motion, which the Sentencing Court dismissed as time-barred and for which the Fifth Circuit denied a certificate of appealability. (*Id.* at 11).

Rinestine filed a reply to the government's response and motion to dismiss. She reiterates that her sentence of 120 months of imprisonment followed by eight years of supervised release violates the Fair Sentencing Act of 2010 and that her sentence was improperly calculated under the Guidelines because her state sentence was not credited toward her federal sentence. (ECF No. 11 at 4-6).

## II.    <u>**Standard of Review**</u>

Respondent does not articulate under which rule's authority he seeks dismissal,

but, presumably, this request is made pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Respondent filed a Response concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176,

180 (4th Cir. 2009).

### III.    **Analysis**

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). On limited occasion, the "savings clause" of 28 U.S.C. § 2255(e), allows a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to take the place of a § 2255 motion when the remedy under § 2255 is inadequate or ineffective, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001).

Rather, the savings clause creates a narrow exception by which a prisoner may challenge his or her sentence under § 2241 if the claim meets four criteria: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Wheeler* criteria. *See Hood v. United States*, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014).

In this matter, Rinestine asserts several claims. First, she claims that her sentence

violates the Fair Sentencing Act of 2010 and the current Guidelines. (ECF No. 1 at 6). She refers to the First Step Act of 2018, and indicates that she was charged with "ghost dope." (*Id.* at 7). However, Rinestine fails to identify substantive law that changed, including any portion of the First Step Act, which affected her sentence and was deemed to apply retroactively on collateral review. *See, e.g., Morton v. Hudgins*, No. 5:19-CV-00245, 2020 WL 3969554, at *2, 4 (N.D.W. Va. Mar. 6, 2020) (finding that § 2241 petitioner who argued that "in light of recent cases involving, what can be named a 'ghost dope,' a mandatory sentence of 240 months involves a fundamental defect" did not satisfy the *Wheeler* test). Similarly, Rinestine's other claims, including her claim that her defense counsel was constitutionally ineffective and the Sentencing Court should have credited the time that she spent in state custody toward her federal sentence, do not assert any change in substantive law regarding the legality of her sentence. Moreover, these grounds were already dismissed in her direct appeal, § 2255 motion, and motion for credit for time served.  Therefore, given the fact that Rinestine challenges the imposition of her sentence and has not shown that her remedy under § 2255 is inadequate or ineffective, her petition is properly construed under § 2255.

Unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the prisoner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Therefore, if the Court chooses to construe the petition as a § 2255 motion, then the matter must be transferred to the appropriate court, as the Court lacks jurisdiction over the action. By statute, "upon receiving a wrongfully filed petition in a civil action, a court 'shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been

brought at the time it was filed or noticed.'" *United States v. McNeill*, 523 F. App'x 979, 983 (4th Cir. 2013) (quoting 28 U.S.C. § 1631). However, transfer of a petition that is filed in the incorrect court is not mandatory. *Id.* at 984. Rather, a district court retains the discretion to dismiss, rather than transfer, a petition that is frivolous or time-barred. *Id.*

In this case, Rinestine's action must be dismissed, rather than transferred to the sentencing jurisdiction, for several reasons. First, the instant action was filed more than one year after her conviction became final. Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Reviewing the petition, the undersigned finds no claimed impediment, or statement of fact or law, that would trigger a date described in subsection 2, 3, or 4 of § 2255(f). As the Fifth Circuit explained regarding Rinestine's previous § 2255 motion, the time period within which Rinestine could file a § 2255 motion expired in December 2011. (ECF No. 9-11 at 4). However, Rinestine did not file the instant action until February 2020. (ECF No. 1). Therefore, the petition was clearly filed after the expiration of the one-year limitation period.

Furthermore, the record does not provide a basis for equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (holding that equitable tolling should only be extended when a habeas petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (stating that the AEDPA statute of limitations can be tolled in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result."). Therefore, Rinestine's petition is very clearly untimely.

An additional factor weighing in favor of dismissal is that Rinestine has not received authorization from the Fifth Circuit to file a second or successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), which would remove any benefit to be gained from a transfer to the Sentencing Court. *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D.W. Va. Oct. 15, 2013); *Ellis v. Berkebile*, No. 5:10-cv-00191, 2011 WL 2680724, at *4 (S.D.W. Va. July 8, 2011); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

The Court may exercise its authority under 28 U.S.C. § 1631 and recharacterize the petition as a motion for pre-filing authorization and transfer it to the Fifth Circuit for consideration. However, for a court of appeals to grant a petitioner's request to file a successive § 2255 motion, the motion must contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205.

Here, "tak[ing] a peek at the merits" of the petition, Rinestine does not set forth any potentially meritorious claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. She does not assert any newly discovered evidence or new rule of constitutional law that applies to her case. Thus, because the petition does not allege a potentially meritorious claim, transfer to the Fifth Circuit is not "in the interest of justice."

For the foregoing reasons, the undersigned **FINDS** that this court lacks jurisdiction to consider Rinestine's habeas petition. The undersigned further **FINDS** that the petition is frivolous and time-barred. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding district judge **DENY** the petition and **DISMISS** this action, with prejudice.

## IV.   <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Respondent's Motion to Dismiss, (ECF No. 9), be **GRANTED**; Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the parties and any counsel of record.

**FILED:** August 7, 2020

Cheryl A. Eifert
United States Magistrate Judge