IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

CONNIE RINESTINE,

    Petitioner,

v.                                    CIVIL ACTION NO. 1:20-00130

WARDEN REHERMAN, FPC Alderson,

    Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Eifert submitted to the court her Proposed Findings and Recommendation ("PF&R") on August 7, 2020, in which she recommended that the court grant respondent's request to dismiss, deny petitioner's § 2241 petition, and dismiss this matter from the court's docket with prejudice.  (ECF No. 12.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days in which to file any objections to the PF&R.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Petitioner timely filed a "Response" to the PF&R, which the court will construe as her objections.  (ECF No. 13.)

I.  **Factual Background**

Petitioner is serving a 120-month sentence of imprisonment for violation of 21 U.S.C. §§ 841 and 846, imposed on December 16, 2009.  The sentencing court is the United States District Court for the Western District of Texas.

When the sentencing court imposed her sentence, petitioner alleges that she was in state custody, serving a term of state imprisonment for the "same charge."  (Id. at 3.)  From a review of the 8-page sentencing transcript, it is unclear whether the sentencing court was aware that she was serving a term of state imprisonment.  (See Case No. 3:09-cr-00974-FM-9, ECF No. 333 (W.D. Tex. March 2, 2010.)[1]  Her attorney did not request that her state and federal sentences run concurrently.  (See id.) The judgment is silent on the matter.  (ECF No. 9-4.)

After federal sentencing, she was returned to state custody.  (See ECF No. 9-11, at 5-6.)  Less than a year later, on November 23, 2010, state authorities released her and told her that there were no detainers on her.  (See id.)  She assumed that the Fifth Circuit Court of Appeals had overturned her

---

[1] The sentencing court later noted that petitioner was "apparently" in state custody when sentenced.  (ECF No. 9-15, at 1.)

conviction and went on with her life for approximately 4.5 years.  (See id.)  Then, on June 30, 2015, the sentencing court learned that she had been released and issued a bench warrant. (See id. at 6.)  Evidently, a detainer had previously been issued, but it had not been executed when she was released from state custody.  (See id.)  Petitioner was arrested shortly thereafter and has been serving her 10-year federal sentence since then.  (See id.)

Petitioner filed an unsuccessful motion under § 2255 and an unsuccessful motion for credit for time served (in state custody) in the sentencing court.  In denying the latter motion, the sentencing court stated that, because the judgment is silent on the matter, her sentence "is consecutive to any unexhausted state sentence."  (Id. at 2.)

In this § 2241 petition, petitioner expands her challenge, arguing that she should receive credit not only for the time spent in state custody after the imposition of her federal sentence (approximately one year), but also for the time she was on parole (approximately four and a half years).  (See ECF No. 1, at 2.)  That she has not received credit for this time appears to be the basis for her contention that she was sentenced over the statutory maximum.

Her petition alleges two grounds for relief:  (1) her sentence was contrary to law (including the Fair Sentencing Act

3

of 2010) and the Sentencing Guidelines; and (2) her counsel was ineffective for allowing her to receive such a sentence.[2]

In her response to the government's opposition, petitioner argued that her "current term of incarceration that has been served is pursuant to improperly calculated guidelines." (ECF No. 11, at 6.)  She cited Rosales-Mireles v. United States, 138 S. Ct. 1897 (2018) for this proposition.  In Rosales-Mireles, the Supreme Court held that erroneous Guidelines calculations are often reversible even in the absence of an objection to them.  See id. at 1903-06.  The error in that case was double-counting a prior conviction, which increased the bottom of the Guidelines range for the petitioner there by seven months.  Id. at 1905.

In her objections, petitioner recharacterizes her claim: She now asserts that she is challenging the calculation of her sentence by the Bureau of Prisons ("BOP").  She invokes "Bureau Policy in which the sentencing court should have moved to acknowledge within the Judgment and Committment [sic] in which petitioner is currently incarcerated pursuant." (ECF No. 13, at 6-7.)  She argues that "[b]ecause her term of incarceration has been calculated inaccurately and is being carried out in

---

[2] The PF&R acknowledges a third ground, that the sentencing court plainly erred when it failed to give petitioner credit for time in state custody.  Whether this is a third ground or an elaboration on the first ground is not entirely clear.

opposition to the law," she can proceed under § 2241.  (Id. at 7.)

## II.   <u>Petitioner's Objections</u>

Two objections are discernable:

1. The PF&R failed to note that petitioner's direct appeal was dismissed as untimely.

2. The PF&R is wrong to conclude that the court lacks jurisdiction over this § 2241 claim because it is actually a challenge to the BOP's calculation of her term of imprisonment, not a challenge to her sentence itself.

Petitioner asks this court "to operate in the 'Spirit' of the law and allow the fact that [her] sentence has been calculated inaccurately to be the weight which anchors the petition."  (ECF No. 13, at 2.)

## III.   <u>Standard of Review of Pro Se Objections</u>

Pursuant to Fed. R. Civ. P. 72(b), the court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made."  However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  Furthermore, de novo review is not required and is unnecessary

"when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48). However, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

IV.  **Savings Clause Test**

"[I]t is well established that defendants convicted in
federal court are obliged to seek habeas relief from their
convictions and sentences through § 2255." Rice v. Rivera, 617
F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192,
1194 (4th Cir.1997) (en banc)).  There is, however, an exception
under § 2255(e) known as the "savings clause."  See Hahn v.
Moseley, 931 F.3d 295, 300 (4th Cir. 2019).  As the Fourth
Circuit has explained, "The savings clause provides that an
individual may seek relief from an illegal detention by way of a
traditional 28 U.S.C. § 2241 habeas corpus petition, if he or
she can demonstrate that a § 2255 motion is 'inadequate or
ineffective to test the legality of his detention.' 28 U.S.C.
§ 2255(e)."  United States v. Wheeler, 886 F.3d 415, 419 (4th
Cir. 2018).

The Fourth Circuit's test for whether the savings clause
applies to challenges to alleged sentencing errors derives from
In re Jones, 226 F.3d 328, 334 (4th Cir. 2000).  In Wheeler, the
Fourth Circuit expanded the Jones test to include challenges to
"fundamental sentencing errors" (as opposed to only convictions)
and set forth a slightly modified version of the test for such
errors:

> (1) at the time of sentencing, settled law of this
> circuit or the Supreme Court established the legality
> of the sentence; (2) subsequent to the prisoner's

7

direct appeal and first § 2255 motion, the
aforementioned settled substantive law changed and was
deemed to apply retroactively on collateral review;
(3) the prisoner is unable to meet the gatekeeping
provisions of § 2255(h)(2) for second or successive
motions; and (4) due to this retroactive change, the
sentence now presents an error sufficiently grave to
be deemed a fundamental defect.

886 F.3d at 428-29.

Petitioner bears the burden of showing the inadequacy or

ineffectiveness of § 2255.  See Hood v. United States, 13 F.

App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGhee v.

Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).  The fact that relief

under § 2255 is barred procedurally or by the gatekeeping

requirements of § 2255 does not render the remedy of § 2255

inadequate or ineffective.  See Jones, 226 F.3d at 332-33; Young

v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001); see also

Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002)

("It is the inefficacy of the remedy, not the personal inability

to use it, that is determinative. Section 2255 is not inadequate

or ineffective merely because the sentencing court does not

grant relief, the one-year statute of limitations has expired,

or the petitioner is unable to meet the stringent gatekeeping

requirements of the amended § 2255.") (citations omitted).  "The

remedy provided under Section 2255(e) opens only a narrow door

for a prisoner to challenge the validity of his conviction or

sentence under Section 2241."  Hayes v. Ziegler, No. 5:11-CV-

00261, 2014 WL 670850, at *6 (S.D.W. Va. Feb. 20, 2014), aff'd, 573 F. App'x 268 (4th Cir. 2014).

## V.   <u>Discussion</u>

Neither of petitioner's objections has merit.  First, the PF&R did not err in describing petitioner's direct appeal, which was not dismissed as time-barred.  Second, the characterization of this petition as a challenge to the BOP's calculation of her sentence is inaccurate, and, in any event, petitioner has not shown that she has exhausted her administrative remedies with the BOP regarding the calculation of her sentence.  Therefore, the court will overrule petitioner's objections.

### a. Objection 1

In this objection, petitioner inaccurately states that her direct appeal was dismissed as untimely, and then faults the PF&R for not doing so as well.

Petitioner argued on appeal that (1) her plea was not knowing and voluntary and (2) her counsel was ineffective.  (See ECF No. 9-6.)  The Fifth Circuit Court of Appeals rejected both arguments.  (Id.)  Because petitioner did not make the arguments to the trial court, the appeals court reviewed the first ground for plain error and declined to review the second ground at all. (Id.)  The court did not, however, dismiss the appeal as untimely.  (See id.)  Petitioner also wrongly suggests that she was not appointed counsel for her direct appeal.  In fact,

9

Patrick A. Lara, Esq. represented her in her direct appeal. (See Docket, <u>United States v. Connee Rinestine</u>, Case No. 10-50098 (5th Cir.)).

Therefore, this objection is **OVERRULED.**

**b. Objection 2**

Next, petitioner appears to object that because this petition is actually a challenge to the BOP's calculation of her sentence, jurisdiction is proper under § 2241.  She says that "her challenge is [to] how the bureau is caring [sic] out the sentence, in its' [sic] calculation."  (ECF No. 13, at 6.)

It is true that § 2241 may be used to challenge a BOP sentence calculation.  <u>U.S. v. Miller</u>, 871 F.2d 488, 490 (4th Cir. 1989).  But § 2241 generally may not be used to challenge a sentence itself.  <u>Rice</u>, 617 F.3d at 807.  There is an exception to this rule when a § 2255 motion is "inadequate and ineffective" under § 2255(e).  <u>See</u> <u>Wheeler</u>, 886 F.3d at 419. Here, petitioner has not attempted to show that a § 2255 motion would be inadequate or ineffective.

The challenge here is not to the BOP's calculation of the sentence.  This is evident from petitioner's objections themselves, in which she faults the sentencing court for failing to "acknowledge" BOP policy "within the Judgment and Committment [sic]."  (ECF No. 13, at 6-7.)  In her opposition to the government's motion to dismiss, petitioner relied on Sentencing

10

Guideline § 5G1.3 to argue that her sentence was improper.  This Guideline section provides advisory instructions to sentencing courts, not to the BOP.  Petitioner's argument is essentially that the sentencing court should have imposed her sentence to be concurrent with her undischarged state sentence and should have adjusted the sentence for the time that she had already spent in state custody.  Her petition itself alleges that her sentence is unlawful and that her counsel was ineffective for failing to prevent her from receiving an unlawful sentence.  Ultimately, the court agrees with the government that this is a § 2255 motion disguised as a § 2241 petition.[3]

Moreover, even if this petition were fairly understood as a challenge to the BOP's calculation of petitioner's sentence, dismissal would still be necessary because petitioner has not shown that she has exhausted her administrative remedies with the BOP.  "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004).  "Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts have required prisoners to exhaust their administrative

---

[3] To the extent that petitioner argues that the BOP should have credited her for time served in state custody, the sentencing court has already explained that this claim fails under the plain language of 18 U.S.C. 3835(b) because, presumably, she was given credit "against another sentence" (her state sentence).

remedies prior to seeking habeas review under § 2241."
McCullough v. Warden, No. 819CV00630BHHJDA, 2019 WL 3308276, at
*3 (D.S.C. Mar. 27, 2019), report and recommendation adopted,
No. CV 8:19-630-BHH, 2019 WL 3306099 (D.S.C. July 23, 2019).

The petition cannot reasonably be characterized as a
challenge to the BOP's calculation of petitioner's sentence, but
even if it could be, petitioner has not shown that she has
contested the calculation of her sentence with the BOP directly.
Therefore, this objection is **OVERRULED**.

## VI.  Conclusion

The court has reviewed the record, the Magistrate Judge's
findings and recommendations, and petitioner's objections.  For
the reasons discussed above, petitioner's objections are
**OVERRULED**.

The court adopts the Findings and Recommendation of
Magistrate Judge Eifert as follows:

1.    Respondent's request for dismissal is **GRANTED**;

2.    Petitioner's § 2241 petition is **DENIED**;

3.    This action is **DISMISSED** without prejudice for lack of
jurisdiction;[4] and

---

[4] The court declines to adopt the PF&R's recommendation to
dismiss this action with prejudice and instead dismisses this
action without prejudice for lack of jurisdiction.  See Buey v.
Warden, FCI McDowell, No. 20-7483, 2021 WL 753610, at *1 (4th
Cir. Feb. 26, 2021).

12

4.    The Clerk is directed to remove this case from the
      court's active docket.

Additionally, the court has considered whether to grant a
certificate of appealability.  See 28 U.S.C. § 2253(c).  A
certificate will not be granted unless there is "a substantial
showing of the denial of a constitutional right."  28 U.S.C.
§ 2253(c)(2).  The standard is satisfied only upon a showing
that reasonable jurists would find that any assessment of the
constitutional claims by this court is debatable or wrong and
that any dispositive procedural ruling is likewise debatable.
Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v.
McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676,
683-84 (4th Cir. 2001).  The court concludes that the governing
standard is not satisfied in this instance.  Accordingly, the
court **DENIES** a certificate of appealability.

The Clerk is further directed to send a copy of this
Memorandum Opinion and Order to counsel of record and any
unrepresented parties.

**IT IS SO ORDERED** this 25th day of March, 2021.

ENTER:

David A. Faber
Senior United States District Judge

13